capacity resulting from the impairment affecting employee's efficiency and therefore, employee was temporarily partially disabled from on or about January 1, 1981 to February 9, 1983.

\* \* \* \* \* \*

9. As a further result of employee's personal injury of January 1, 1981 to February 9, 1983, employee has suffered a 30% permanent partial disability to his back and spine based upon the injury to his cervical spine superimposed upon his underlying spondylosis.

The findings clearly dealt with the nature and time of employee's injury, and the WCCA erred in determining that the date of injury was res judicata.

Moreover, it is difficult to determine whether the compensation judge was in fact determining that the date of injury was January 1, 1981. Finding 4 would suggest that this is so, as did the compensation judge's determination of employee's compensation rate based on his 1980 earnings, but Finding 9 sets forth a *Gillette* injury culminating in disability on February 9, 1983. The findings appear to be inconsistent. Moreover, no evidence appears to support an injury date of January 1, 1981. At that time employee had lost no time from work, and had noticed no neurological symptoms.

We conclude that the only appropriate response to the problems raised by the case is to reverse the decision under review and to remand the matter for a new hearing on all issues.

Employee is awarded attorney fees of $400.

**In re the Marriage of Adeline BLACK, f.k.a. Adeline Bitker, petitioner, Respondent.**

v.

**Clifton BITKER, Appellant.**

**No. C8–84–2006.**

Supreme Court of Minnesota.

July 2, 1986.

### ORDER

WHEREAS, by order dated July 24, 1985, the petition for review in the above-entitled matter was stayed pending disposition in *Moylan v. Moylan* (C2–85–2177) and *Erickson v. Erickson* (C7–84–1770), and

WHEREAS, both cases have been decided;

IT IS HEREBY ORDERED that the petition of Adeline Black, f.k.a. Adeline Bitker for further review be, and the same is, denied.

**In re the Marriage of Lea Marie COVINGTON, f.k.a. Lea Marie Markes, petitioner, Respondent,**

v.

**Steven Paul MARKES, Appellant.**

**No. C3–84–2009.**

Supreme Court of Minnesota.

July 2, 1986.

Review Denied Aug. 13, 1986.

ORDER

WHEREAS, by order dated July 24, 1985, the petition for review in the above-entitled matter was stayed pending disposition in *Moylan v. Moylan* (C2–85–2177) and *Erickson v. Erickson* (C7–84–1770), and

WHEREAS, both cases have been decided;

IT IS HEREBY ORDERED that the petition of Steven Paul Markes for further review be, and the same is, denied.

**Philip BLANDING, Respondent,**

v.

**SPORTS & HEALTH CLUB, INC., Relator.**

**No. C5–85–305.**

Supreme Court of Minnesota.

July 2, 1986.

ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Court of Appeals filed August 27, 1985, be, and the same is, affirmed without opinion. *See* Minnesota Rules of Civil Appellate Procedure 136.01, subd. 1(b); and *Potter v. LaSalle Court Sports & Health Club*, 384 N.W.2d 873 (Minn. 1986).

COYNE, J., took no part.

**John R. LEE, et al., Respondents,**

v.

**INDUSTRIAL ELECTRIC COMPANY, et al., Defendants,**

**Conkey & Associates, Inc., Petitioner, Appellant,**

**and**

**McKENZIE-HAGUE-GILLES COMPANY, Defendant and Third Party Plaintiff,**

v.

**FARMERS UNION GRAIN TERMINAL ASSOCIATION, Third Party Defendant.**

**No. C8–85–654.**

Supreme Court of Minnesota.

July 2, 1986.

ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Court of Appeals filed October 29, 1985, be, and the same is, affirmed without opinion. *See* Minnesota Rules of Civil Appellate Procedure 136.01, subd. 1(b); and *Lovgren v. Peoples Electric Co.*, 380 N.W.2d 791 (Minn.1986).

